ADRIAN M. PRUETZ – State Bar No. 118215
apruetz@glaserweil.com
ANDREW Y. CHOUNG – State Bar No. 203192
achoung@glaserweil.com
MIEKE K. MALMBERG – State Bar No. 209992
mmalmberg@glaserweil.com
REX HWANG – State Bar No. 221079
rhwang@glaserweil.com
DAN LIU – State Bar No. 287074
dliu@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Plaintiff*
*Locata LBS LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LOCATA LBS LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>PAYPAL, INC., a Delaware corporation, and EBAY INC., a Delaware corporation,<br><br>          Defendants. | CASE NO.: 4:14-cv-01864-JSW<br><br>**PLAINTIFF LOCATA LBS LLC'S RESPONSE TO DEFENDANTS' OBJECTION TO REQUEST FOR JUDICIAL NOTICE**<br><br>Date:     July 25, 2014<br>Time:    9:00 a.m.<br>Room:   Ctrm 5, 2nd Floor<br>Judge:   Honorable Jeffrey S. White |

Plaintiff Locata LBS LLC ("Locata") hereby responds to the objections by Defendants eBay Inc. and Paypal, Inc. (collectively "Defendants") to the Request for Judicial Notice In Support of Plaintiff Locata LBS LLC's Opposition To Defendants' Motion To Dismiss Complaint Pursuant To Rule 12(b)(6) ("Request"). *See* Dkt. 54.

Locata's Request seeks judicial notice of publicly available web-pages as well as an issued patent now owned by Defendants. Notably, Defendants do not deny that Locata's request for judicial notice meets the requirements of Fed. R. Evid. 201(b)(1) and (2). Defendants also do not deny that web-pages and patents are properly the subjects of judicial notice because they are generally known within the trial court's territorial jurisdiction and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *NetApp, Inc. v. Nimble Storage, Inc.*, 513CV05058-LHK-HRL, 2014 WL 1903639, at *4 (N.D. Cal. May 12, 2014) (judicially noticing web-pages of defendant's website); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) (taking judicial notice of a U.S. patent on technology related to the dispute).

Instead, Defendants argue that only facts, and not documents, can be judicially noticed. However, this is an inaccurate and trivial argument. For example, courts may take judicial notice of the existence of particular documents, without necessarily taking judicial notice of the substance in the documents as well. *See, e.g*, *Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1147-48 (N.D. Cal. 2013) (taking judicial notice of the existence of online publications located at identified web addresses, but not the facts cited therein); *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1143 (C.D. Cal. 2006) (internal citations omitted) ("In deciding a Rule 12(b)(6) motion, a court may judicially notice not only . . . the existence of a particular document, but the substance of the document as well.").

Defendants argue that *Meador v. Wedell*, CIV S-10-0901 KJM, 2012 WL 360199 (E.D. Cal. Feb. 2, 2012) supports a contrary conclusion, but it does not. In *Meador*, the court denied the request for judicial notice since the plaintiff sought judicial notice of disputed facts relating to the merits of the plaintiff's claim. *Id.* at *8. As such, taking judicial notice of the document itself would have made no sense in the context of that particular situation. Here, on the other hand,

888396

1 judicial notice is completely appropriate given the fact that the existence of the documents, and the facts included therein, are not in dispute. Moreover, while Locata seeks judicial notice of the documents submitted to the Court, the request for judicial notice also inherently relates to the facts contained therein. As such, Defendants' argument simply amounts to a hyper-technicality that exalts form over substance.

Defendants also object to the Request by citing to three cases that stand for the unremarkable proposition that courts have inherent power to deny requests for judicial notice if the facts are deemed to be irrelevant by the court. But Defendants' citations and the objection itself completely misses the mark here since the submitted documents *are relevant*. As shown in Locata's opposition briefing, these documents are in fact relevant to both establishing the context of the patent, which Defendants argue should never have been issued, and the disingenuous nature of Defendants' challenge on patent subject matter eligibility grounds. *See Pratap v. Wells Fargo Bank, N.A.*, C 12-06378 MEJ, 2013 WL 5487474, at *1 n.1 (N.D. Cal. Oct. 1, 2013) (taking judicial notice of "the fact that the document states something to give context, as opposed to for the truth of the matter asserted in any document."); *Churchill v. Harris*, C 12-01740 LB, 2012 WL 5877486, at *5 n.2 (N.D. Cal. Nov. 20, 2012) (taking judicial notice of sample letters sent by the California DOJ Bureau of Firearms to provide context only); *Wozniak v. Align Tech., Inc.*, 850 F. Supp. 2d 1029, 1039 n.6 (N.D. Cal. 2012) (judicially noticing exhibits "solely for the limited purpose of determining the context in which allegedly misleading statements were made"). Defendants only allege in a conclusory fashion that these documents are not relevant, but do not present any specific reason as to why.

It is not Defendants' place to try to preclude facts simply because they feel that the facts are not relevant. The fact that Defendants have not alleged any prejudice or objected under Fed. R. Evid. 401 further highlights the lack of merit to Defendants' objections here. Therefore, Locata respectfully requests the Court to grant its request for judicial notice.

DATED: June 25, 2014                    Respectfully submitted,

                                        GLASER WEIL FINK HOWARD

AVCHEN & SHAPIRO LLP

By: /s/ Andrew Y. Choung
ADRIAN M. PRUETZ
ANDREW Y. CHOUNG
MIEKE K. MALMBERG
REX HWANG
DAN LIU

*Attorneys for Plaintiff Locata LBS LLC*